COMPOSITE EXHIBIT 3

Filing # 130170722 E-Filed 07/07/2021 11:53:24 AM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JEAN AND TAMARA JOSEPH                    GENERAL JURISDICTION DIVISION
                                         CASE NO.: CACE-21-014011

      Plaintiffs,

v.

AMERICAN SECURITY INSURANCE COMPANY,

      Defendant.

_____/

## COMPLAINT

Plaintiffs, JEAN and TAMARA JOSEPH, (the "Insured(s)"), hereby sue Defendant,

AMERICAN SECURITY INSURANCE COMPANY (the "Insurance Company"), and allege as

follows:

1.    That this is an action for money damages within the jurisdiction of this Court as the

amount in controversy is in excess of $30,000.00, exclusive of interest, costs and attorney's fees.

2.    That at all times material hereto, Plaintiffs were and are residents of Broward County,

Florida.

3.    That at all times material hereto, Defendant was and still is a Florida corporation

organized under the laws of the State of Florida, and actively doing business in Broward County,

Florida and is *sui juris*.

4.    Jurisdiction and Venue are proper in Broward County, Florida.

5.    All conditions precedent have been satisfied or waived.

## GENERAL ALLEGATIONS

6.  Plaintiff purchased from Defendant and maintained in full force and effect; a policy of insurance bearing number **MLR968157900** (the "Policy").

7.  Such Policy was issued by the Defendant to Plaintiff and provided coverage for the Plaintiff's property located at 6250 North West 14th PL, Sunrise, Florida 33313 (hereinafter the "Property").

8.  Pursuant to the Policy provisions, Defendant agreed to provide insurance coverage for the insured property against losses.

9.  On or about February 15, 2020 while the Policy was in full force and effect, the Property sustained a covered loss as a result of plumbing failures and breaks which resulted in ensuing damage to the property. (The "Loss").

10.  Plaintiff notified Defendant of the loss. Defendant acknowledged the loss and assigned to it claim number **00102671363**.

11.  Plaintiffs requested benefits under the subject policy of insurance as a result of the damages sustained to the property.

12.  The damages to the subject property are covered by the insurance policy issued by Defendant.

13.  Now that Plaintiffs have the necessity to use insurance benefits, Defendant refuses to indemnify Plaintiff for the damages covered under the policy.

14.  Plaintiff has been paying premiums in a timely manner and has complied with all conditions precedent.

15. Defendant has refused to indemnify Plaintiff for the covered damages and costs of repair expenses.

16. Defendant has wholly denied coverage for the loss, despite the loss being covered under the subject policy, and has refused to issue any payments to Plaintiff, in breach of the subject policy of insurance.

17. As a direct and proximate result of Defendant's actions, Plaintiff was forced to hire and is now obligated to pay the undersigned attorney reasonable attorney's fees.

18. Pursuant to Florida Statute §627.428 Plaintiff is entitled to recover reasonable attorney's fees from Defendant.

## COUNT I
## BREACH OF CONTRACT

19. Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 18 as if fully set forth herein.

20. The Defendant's refusal to acknowledge coverage and to pay the full amount of the claim was contrary to the terms of the Policy and/or Florida law, and was a breach of said contract of insurance.

21. Defendant's denial of coverage for damages sustained as a result of a covered loss i.e. plumbing failures and breaks, was and is a breach of the insurance policy.

22. As a direct and proximate cause of Defendant's actions and/or omissions, Plaintiff has been damaged in an amount to be determined at trial.

23. As a direct and proximate result of Defendant's actions, Plaintiff was forced to hire and is now obligated to pay the undersigned attorney reasonable attorney's fees. Pursuant to Florida Statute §627.428 Plaintiff is entitled to recover reasonable attorney's fees from Defendant.

WHEREFORE, the Insured(s) respectfully requests that this Court enter judgment against the Insurance Company for compensatory damages, additional living expenses, plus interest, court costs and reasonable attorney's fees pursuant to Section §627.428, Florida Statutes.

## COUNT II
## DECLARATORY ACTION

24. Allegations 1 through 18 above are adopted and incorporated herein.

25. Plaintiff believes that the losses are covered under the policy.

26. Plaintiff seeks this court's determination of the existence or non-existence of plaintiff(s) rights under the policy in light of defendant's refusal to pay for all of plaintiff's losses.

26. Specifically, defendant has failed to accept responsibility under the Policy despite the fact that nearly one-hundred and twenty (120) days has elapsed, they have been granted access to the Premises, and an estimate has been prepared.

27. It appears, therefore, that Defendant must be relying upon an exclusions and/or exceptions to coverage under the policy.

28. Plaintiff believes that no such policy exclusions and exceptions do not apply.

29. Although plaintiff believes defendant's denial is improper, plaintiff has an actual present and practical need for a declaration of rights pursuant to Florida Statute.

30. As a direct and proximate result of the foregoing conflicting positions of the parties, there is an actual, bona-fide controversy between the parties which requires judicial interpretation as to whether coverage is owed under the policy.

31. Because of defendant's apparent refusal to extend coverage for all losses, it has become necessary for Plaintiff to retain the services of the undersigned attorney.

WHEREFORE, the Insured(s) respectfully requests that this Court enter judgment against the Insurance Company for damages, plus interest, additional living expenses, court costs and reasonable attorney's fees pursuant to Section §627.428, Florida Statutes.

## DEMAND FOR JURY TRIAL

32.     Plaintiff hereby demands trial by jury of all issues that are triable as a matter of right.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was to be served upon Defendant by the Insurance Commissioner of the State of Florida.

Dated: This 7th day of July, 2021.

*Respectfully Submitted,*

**THE ROLLER LAW GROUP**
801 NE 167th St. Second Floor
N. Miami Beach, FL 33162
Telephone: (954) 828-0333

By: */s/ Brian Roller*
**K. BRIAN ROLLER, ESQ.** (FBN 018696)
    Email: broller@roller.law
    Sec.: lescobar@roller.law
    **LAUREN R. ROSEN, ESQ.** (FBN 91090)
    Email: lrosen@roller.law
    Sec.: HOpleadings@roller.law;
        ldiaz@roller.law
    *Counsel for Plaintiffs*

Filing # 130170722 E-Filed 07/07/2021 11:53:24 AM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JEAN AND TAMARAJOSEPH                    GENERAL JURISDICTION DIVISION
                                          CASE NO.: CACE-21-014011
    *Plaintiff,*

v.

AMERICAN SECURITY INSURANCE COMPANY,

    *Defendant.*

_____/

## **REQUEST FOR ADMISSIONS**

Plaintiffs, JEAN and TAMARA JOSEPH, by and through the undersigned attorneys, and pursuant to the

applicable Florida Rules of Civil Procedure, hereby requests the Defendant to admit or deny the

following items:

1)      Admit that that on the date of the loss described in the Complaint that the policy

described in the Complaint was in full force and effect.

2)      Admit that Plaintiff(s) is/are the named insured under the insurance policy

described in the Complaint.

3)      Admit that the premises described in the Complaint are the insured premises

under the insurance policy described in the Complaint.

4)      Admit that the Plaintiff(s) made a claim against the Defendant for insurance

coverage to the insured Property.

5)      Admit that Defendant has failed and/or has refused to pay the full amount of the

claim as described in the Complaint.

6)      Admit that Plaintiff(s) submitted to Defendant a written estimate of repairs for the

damage alleged to have occurred by reason of the alleged loss described in the Complaint.

7)    Admit that the Plaintiff(s) has/have fully cooperated with the Defendant with respect to all requests for investigation and inspection of the subject Premises.

8)    Admit that the Plaintiff has complied with all post loss obligations as set forth in the insurance policy a requested by the Defendant.

9)    Admit that prior to the date of the filing of this lawsuit; Defendant did not request of Plaintiff, in writing, that Plaintiff submit to an examination under oath for the alleged loss described in the Complaint.

10)    Admit that prior to the date of the filing of this lawsuit; Defendant did not request of Plaintiffs, in writing, that Plaintiffs send to Defendant, a signed statement in proof of loss for the alleged loss described in the Complaint.

11)    Admit that prior to the date of the filing of this lawsuit, that one or more of Defendant's agents or adjusters or employees were showed, or visited, or inspected the alleged damaged property described in the Complaint.

12)    Admit that Defendant/Defendant's Agent(s)/Representative(s) observed water damage at the subject property.

13)    Admit that the water that caused ensuing damage to the property entered through the property's roof.

14)    Admit that Defendant/Defendant's Agent(s)/Representative(s) did not determine the source of the water damage observed at the subject property.

15)    Admit that Defendant did not retain a roofer licensed in the State of Florida to perform an inspection of the subject property prior to the institution of this lawsuit.

16)    Admit that Defendant did not retain a general contractor licensed in the State of Florida to perform an inspection of the subject property prior to the institution of this lawsuit.

17)    Admit that the direct force of windstorm or hail damaged the subject property.

18)    Admit that the interior of the property was damaged by Rainwater entering the property.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was to be served upon Defendant by the Insurance Commissioner of the State of Florida.

Dated: This 7th day of July 2021.

*Respectfully Submitted,*

**THE ROLLER LAW GROUP**
801 NE 167th St. Second Floor
N. Miami Beach, FL 33162
Telephone: (954) 828-0333

By: */s/ Brian Roller*
**K. BRIAN ROLLER, ESQ.** (FBN 018696)
    Email: broller@roller.law
    Sec.: lescobar@roller.law
    **LAUREN R. ROSEN, ESQ.** (FBN 91090)
    Email: lrosen@roller.law
    Sec.: HOpleadings@roller.law;
        ldiaz@roller.law
    *Counsel for Plaintiffs*

Filing # 130170722 E-Filed 07/07/2021 11:53:24 AM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JEAN AND TAMARA JOSEPH                          GENERAL JURISDICTION DIVISION
                                                CASE NO.: CACE-21-014011

      Plaintiffs,

v.

AMERICAN SECURITY INSURANCE COMPANY,

      Defendant.

_____/

## REQUEST FOR PRODUCTION

COMES NOW, Plaintiffs JEAN and TAMARA JOSEPH, by and through the undersigned

attorneys and pursuant to the applicable Florida Rules of Civil Procedure, hereby requests

the Defendant to produce the following items for inspection and/or copying at the offices of

the undersigned attorneys:

1.    The original and/or a true and correct certified copy of the insurance policy

described in the Complaint including declarations page and all addendums, if any.

2.    All correspondence or written communications from Defendant to Plaintiff

regarding the subject loss alleged in the Complaint.

3.    Any and all written estimates of repairs created by and/or on behalf of the

Defendant regarding any and all damages to the subject premises allegedly occurring as a result

of the subject loss.

4.    Copies of any recorded statement(s) taken by Defendant or their agents

regarding the subject loss alleged in the Complaint.

5.    All delivery receipts, written proof of mailing and all other records evidencing in

any manner the date and/or dates that the entire policy of insurance described in the

complaint/Complaint was mailed or delivered to Plaintiff.

6.      All delivery receipts, written proof of mailing and all other records evidencing in any manner the date and/or dates that the Homeowners Bill of Rights was mailed or delivered to the Plaintiff.

7.      All Claims Handling Manuals, training materials, or any other internal guidelines regarding policy interpretation and application of policy language to reported losses.

8.      All Claims Handling Manuals, training materials, or any other guidelines regarding Defendant's procedures for inspections following a reported loss.

9.      Any and all field notes and/or all other documentation of any sort relating to any investigation undertaken with regard to the Plaintiffs claim prior to Defendant's reasonably anticipated litigation.

10.     Any and all photographs, videos, diagrams, or other documentation depicting the subject loss and/or relating to the Plaintiffs subject property.

11.     The entire underwriting file relating to the Plaintiffs subject property.

12.     Coverage Determination letters and any other correspondence related to all prior claims reported by Plaintiff(s) relating to the subject property, including claim numbers, dates of loss, cause of loss, and the ultimate coverage determination.

13.     All reports prepared by Defendant or Defendant's agents/representatives who inspected the property in connection with the subject claim.

14.     All reports, photographs, sketches, notes, estimates, and other documentation prepared by any roofer licensed in the State of Florida who inspected the property on behalf of the Defendant in connection with the subject claim.

15.     All reports, photographs, sketches, notes, estimates, and other documentation

prepared by any contractor licensed in the State of Florida who inspected the property on behalf of the Defendant in connection with the subject claim.

      16.    Any and all documentation showing any professional licenses held by Defendant's Field Adjuster assigned to the subject claim.

      17.    All reports, photographs, sketches, notes, estimates, and other documentation prepared by Defendant's Field Adjuster in connection with the subject claim.

      18.    Any and all documentation upon which Defendant relied to issue its coverage determination letter.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was to be served upon Defendant by the Insurance Commissioner of the State of Florida.

Dated: This 7th day of July, 2021.

*Respectfully Submitted,*

**THE ROLLER LAW GROUP**
801 NE 167th St. Second Floor
N. Miami Beach, FL 33162
Telephone: (954) 828-0333

By: */s/ Brian Roller*
**K. BRIAN ROLLER, ESQ.** (FBN 018696)
    Email: broller@roller.law
    Sec.: lescobar@roller.law
    **LAUREN R. ROSEN, ESQ.** (FBN 91090)
    Email: lrosen@roller.law
    Sec.: HOpleadings@roller.law;
        ldiaz@roller.law
      *Counsel for Plaintiffs*

Filing # 130170722 E-Filed 07/07/2021 11:53:24 AM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JEAN AND TAMARAJOSEPH

      Plaintiffs,

v.

AMERICAN SECURITY INSURANCE COMPANY,

      Defendant.

_____/

GENERAL   JURISDICTION DIVISION
CASE NO.: CACE-21-014011

## **NOTICE OF FILING FIRST INTERROGATORIES TO DEFENDANT**

**COMES NOW,** the Plaintiffs, JEAN and TAMARA JOSEPH, and propounds the

following Set of Interrogatories upon the Defendant, to be answered in writing, under oath, and

in accordance with Rule 1.340 of the Florida Rules of Civil Procedure within the time specified

in said Rule.

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was to be served

upon Defendant by the Insurance Commissioner of the State of Florida.

Dated: This 7th day of July, 2021.

*Respectfully Submitted,*

**THE ROLLER LAW GROUP**
801 NE 167th St. Second Floor
N. Miami Beach, FL 33162
Telephone: (954) 828-0333

By: */s/ Brian Roller*_____
**K. BRIAN ROLLER, ESQ.** (FBN 018696)
      Email: broller@roller.law
      Sec.: lescobar@roller.law
      **LAUREN R. ROSEN, ESQ.** (FBN 91090)
      Email: lrosen@roller.law
      Sec.: HOpleadings@roller.law;
         ldiaz@roller.law
      *Counsel for Plaintiffs*

## DEFINITIONS AND INSTRUCTIONS

1.      Insert your answers in the space provided following each question.  If additional space is needed, so indicate in the space provided, prepare your answers on a separate paper, and attach the additional paper to your answers.

2.      Separately answer each interrogatory, and each subsection of each interrogatory. The term "you" and "your" means the party or parties to which this request is addressed, including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors , owners, agents, accountants, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a  partner.

3.      The terms "Insurance Company" or "Defendant" means the defendant in this action to which these Interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on their behalf.  The terms "Insurance Company" or "Defendant also  includes  the  party's  divisions,  departments,  subsidiaries,  affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and accountants as well as each partnership in which it is a partner, and includes any other person, acting or purpolting to act on its behalf.

4.      The  terms  "you"  and  "your"  mean  the  party  or  parties  to  which  these interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on its behalf.

5.      The "Complaint" means the Complaint filed by the Insured in this action.

6.      The term "Claim" means any statement, concept, assertion, idea, allegation, fact, law, rule, theory, observation, cause of action, or principle whatsoever, based upon which  Plaintiff demands that she has suffered  damages, or has a right to payment, as the result of any act or omission of Defendant.

7.      The  terms  "person"  or  "persons"  mean  any  natural  person,  individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, and group of natural persons or other entity, and includes any other person acting on behalf of a person.

8.      The term "contract" means any promise, or set or promises, which creates an obligation to do or not do a particular thing where there was meeting of the minds on a given proposition and an understanding and intention between the parties.

9.     The term "communication" means any information given, whether oral or written; any oral or written statement, conference, consultation, dialogue, colloquy, discussion, conversation, agreement, the sharing of knowledge by one with another, bargaining preparatory to making a contract or any expression of any kind.

10.     The term "document" means and includes any kind of written, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports. recordings of telephone or other conversations, of interviews, of conferences or of meetings , telephone messages, diaries, indices , books, reports, ledgers , working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper al1icles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistics, records, calendars, appointment books, diaries, lists, tabulations , sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access. "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

11.     The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

12.     As used herein the singular shall include the plural, the plural shall include the singular and the masculine, feminine, and neuter shall include each of the other genders.

13.     The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive. The term "all" means "any and all." The term "each" means "each and every," and the term "every" means "each and every."

14.     The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing, constituting , embodying, discussing, analyzing , reflecting or otherwise concerning.

15.     The term "locate" or "location" means to state the present whereabouts of each Document and to identify the persons having possession, custody or control thereof.

16.     The term "to date" shall mean the date on which you answer these interrogatories.

17.     The term "including" means "including but not limited to".

18.     "Relating to" or "relevant to" means embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

19.     The term "Identify," when used with reference to a natural person, means state:

    a.  his full name and address (or, if the present address is not known, his last known address).

    b.  the full name and address of each of his employers, each corporation of which he is an officer or director and each business in which he is a principal.

    c.  his present (or, if the present is not known, his last known) position and his position or positions at the time of the act to which the interrogatory answer relate, and

    d.  such other information sufficient to enable Plaintiff to identify the person.

20.     "Identify," when used with reference to any entity other than a natural person, means:

    a.  state the full name of the entity, the type of entity (e.g., corporation, partnership.), the address of its principal place of business, its principal business activity, and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization.

21.     "Identify," when used with reference to a document or written communication,

means state:

    a.  its nature (e.g., letter, telegram, floppy disc, computer printout, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee, if there is an addressee;

    b.  the identity of each signer to the document or communication;

22.    "Identify" when used with reference to an administrative claim or charge means state:

    a.  identify the claimant or charging party;

    b.  the administrative office were filed;

    c.  the number assigned to identify the claim or charge, and

    d.  a brief summary of the nature of the claim or charge.

23.    "Identify," when used in any other context that is herein above set forth, means to describe the act, word, situation, event, etc. (and/or conduct, course of action of any nature whatsoever, including without limitation any failure to act, to engage in any conduct or to pursue any course of action), to be identified as fully as possible and identify each document or communication or act in which such act, word, situation, event, conduct or course of action, etc., was recorded, refers or relates to each answer, forms all or part of the basis for an answer; and/or corroborates and answer.

24.    You may, in lieu of identifying any Document or written communication, attach a true copy of each Document as an exhibit to the answers to these interrogatories. On each occasion in which you choose to attach a Document as your answer to an interrogatory, identify the portion of the Document that answers the interrogatory.

25.    Identify each Document produced pursuant to an interrogatory by the paragraph number of the interrogatory in response to which it is produced ai1d by the file from which the document was produced.

26.    If any of the information furnished in an answer to all or part of an interrogatory is not within your personal knowledge, identify each person who has personal knowledge of the information furnished in such answer and each person who communicated to you any part of the information furnished

27.    If the answer to all or any part of the interrogatory is not presently known or available to you, include a statement to that effect, furnish the information now known or

otherwise available to you, and respond to the entire interrogatory by supplemental answer, in writing, under oath, within ten days from the time the entire answer becomes known or available to you, but in no event less than five days prior to trial.

28.    If you contend that it would be unreasonably burdensome to obtain and provide all of the information called for in response to any one of these interrogatories or any subpart thereof, then in response to the appropriate interrogatory or subpart:

    a.  set forth all such information that is available to you without undertaking what you contend to be an unreasonable burden;

    b.  state with particularity the grounds on which you contend that additional efforts to obtain such information would be unreasonably burdensome; and

    c.  describe with particularity the efforts made by you to secure such information, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such info1mation, including the duration of time spent and nature of work done by each person.

29.    Unless your response to an interrogatory is complete when made, these interrogatories are continuing insofar as you are required to promptly make further or supplemental answers if new information is discovered and/or acquired by you between the date of your initial answer and any time thereafter.

30.    If you claim in response to any request for production that any requested document is "privileged" and not subject to discovely, you shall so state expressly and, in addition, shall provide privilege log, describing the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

31.    If all of the information furnished in answer to all or part of an interrogatory is not within the personal knowledge of the affiant, identify each person to whom all or part of the information furnished is a matter of personal knowledge and each person who communicated to the affiant any part of the information furnished.

32.    To the extent precise and complete  information cannot be furnished, such inforn1ation  as  is  available  shall  be  supplied,  together with an estimate of the precise and

complete information. Where such an estimate is given, the method employed in making the estimate shall be described.

## **INTERROGATORIES**

1. Please state the name, title, current business address, and phone number of all persons answering or assisting with the answering of this set of interrogatories.

2. Please state the full name, title, current business address, and three (3) available dates to complete the deposition of Defendant's Designated Corporate Representative who can testify as to the basis of the coverage determination made for the subject claim.

3. Please provide a full and detailed explanation for each denial or partial denial responded to in Plaintiffs' Request for Admissions.

4. Please describe in detail why the Plaintiffs' claim for insurance proceeds was denied and specifically describe in detail for the policy provisions referenced in Defendant's denial latter applied to the facts of the subject loss.

5.  Provide the name(s) and business address(es) of each and every person who made the coverage decision relating to this claim.

6.  Provide the name(s) and business address(es) of each and every individual assigned to adjust this claim.

7.  Provide the name(s) and business address(es) of each and every individual, person, contractor, adjuster who inspected the insured premises on behalf of the Defendant's assigned to adjust this claim.

8.  Please state with specificity the observations relayed to Defendant following Defendant's inspection of the property which support the assertion that the damages were not covered by the subject policy.

9. Please state the date that the Insurance Company first received notice from the Insured for a claim of benefits under the Policy for property damages as described in the Complaint in this lawsuit.

10. State the location, including, page(s), line(s) and paragraph number(s), and the exact language contained in the Policy, which you used to base your decision to not provide coverage for all or some of the insured's claim.

11. Identify each written estimate for repair or replacement, including the amount set forth in each estimate, which has been provided to the Insurance Company by the Insured in reference to the Insured's claim for benefits under the Policy.

12. Refer to the page and line of any and all written guidelines you used in the claims handling process that justify the investigation and claims handling such as was conducted with regards to the claims presented by the Insured.

13. Please describe all requests made by the Insurance Company upon the Insured (i.e., requests for examination under oath, information, documents, sworn proofs of loss, etc.,) in reference to this claim and the dates made.

14. With reference to each of your affirmative defenses raised in the lawsuit, please describe each and every fact upon which you rely to substantiate such affirmative defense, including identification of all witnesses to each such fact.

15. Please describe the Defendant's determination of the cause and source of the subject loss, including the location of the cause/source which allowed water to enter the property.

16. Please describe with specificity the reasons for denying coverage for ensuing interior damage observed at the property due to water.

_____
AFFIANT

STATE OF FLORIDA          )
                          ) SS:
COUNTY OF _____  )

      The foregoing instrument was acknowledged before me, an officer duly authorized in the

State and County aforesaid, to take acknowledgements this _____ day of _____,

20___, by _____, who:

      [ ] is personally known to me;

      [ ] has produced Florida Driver's license No. _____, and who:

      [ ] did

      [ ] or did not take an oath.

_____
NOTARY PUBLIC

My Commission Expires:

Filing # 130728187 E-Filed 07/15/2021 01:36:54 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JEAN AND TAMARA JOSEPH                    GENERAL JURISDICTION DIVISION
                                         CASE NO.: CACE-21-014011
        Plaintiffs,

v.

AMERICAN SECURITY INSURANCE COMPANY,

        Defendant.

_____/          **SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

        **YOU ARE HEREBY COMMANDED** to serve this summons a copy of the Complaint, First
Request for Production, First Request for Admissions, and First Interrogatories in this action on the registered
agent of the defendant:

                    **American Security Insurance Company**
                        *By Serving Its Registered Agent:*
                         **CHIEF FINANCIAL OFFICER**
                            200 East Gaines Street
                            Tallahassee, FL 32399

**PLEASE NOTE:** Attached to the Complaint are First Set of Interrogatories, First Request for Production
and First Request for Admissions, to be answered in compliance with the applicable Florida Rules of Civil
Procedure. Defendant is required to serve written defenses to the Complaint on Plaintiffs' attorney, to wit:
                          **K. BRIAN ROLLER, ESQ.**
                        **Email:** broller@roller.law
                          **LAUREN R. ROSEN, ESQ.**
                        **Email:** lrosen@roller.law
                        **THE ROLLER LAW GROUP**
                       801 N.E. 167 Street, Second Floor
                        North Miami Beach, FL 33162
        Service Emails: HOpleadings@roller.law; lescobar@roller.law; Ldiaz@roller.law
                        **Telephone: (954) 828-0333**

**within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and
to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs'
attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against
that Defendant for the relief demanded in the Complaint.**

                    JUL 20 2021
DATED ON_____

                                         Brenda Forman as Clerk of said Court

        (Court Seal)                     By: _____
                                         as Deputy Clerk

                                                                        1 | Page

*21-000360590*

**CHIEF FINANCIAL OFFICER**
**JIMMY PATRONIS**
STATE OF FLORIDA

JEAN AND TAMARA JOSEPH

PLAINTIFF(S)

VS.

AMERICAN SECURITY INSURANCE COMPANY

DEFENDANT(S)

_____/

SUMMONS, COMPLAINT, DISCOVERY, CIVIL COVER SHEET

**CASE #:** CACE-21-014011
**COURT:** 17TH JUDICIAL CIRCUIT
**COUNTY:** BROWARD
**DFS-SOP #:** 21-000360590

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Tuesday, July 20, 2021 and a copy was forwarded by ELECTRONIC DELIVERY on Friday, July 23, 2021 to the designated agent for the named entity as shown below.

AMERICAN SECURITY INSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

Jimmy Patronis
Chief Financial Officer

LAUREN ROSEN
ATTORNEY
THE ROLLER LAW GROUP
801 NE 167TH ST
SECOND FLOOR
NORTH MIAMI BEACH, FL 33162

AT1

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE-21-014011

JEAN AND TAMARA JOSEPH,

     Plaintiffs,

vs.

AMERICAN SECURITY
INSURANCE COMPANY,

     Defendant.

_____

## <u>NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESS</u>

**PLEASE TAKE NOTICE** that the undersigned law firm hereby enters its appearance as Counsel on behalf of Defendant, AMERICAN SECURITY INSURANCE COMPANY, in this cause and requests that all pleadings, announcements, notices and court filings be served upon the undersigned.

Pursuant to Florida Rule of Judicial Administration 2.516, effective September 1, 2012, the following individuals are hereby designated with the respective e-mail addresses for service of pleadings and documents in this matter:

| | | |
|---|---|---|
| Primary e-mail: | dbatista@shutts.com<br>FTL1Service@shutts.com | David O. Batista, Esq. |
| Primary e-mail: | slevy@shutts.com<br>FTL1Service@shutts.com | Sara Levy, Esq. |

CASE NO: CACE-21-014011

**SHUTTS & BOWEN LLP**
*Attorneys for Defendant, AMERICAN*
*SECURITY INSURANCE COMPANY*
200 East Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33301
Telephone:  (954) 524-5505
Facsimile:  (954) 524-5506

By:  */s/ David Batista*
    **David O. Batista, Esq**.
    Florida Bar No. 175803
    Email: dbatista@shutts.com

    **Sara Levy, Esq.**
    Florida Bar No. 23767
    Email: slevy@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of August 2021, a true and correct copy of the foregoing has been furnished *via* Florida E-Portal to: Brian Roller, Esquire, The Roller Law Group, 801 NE 167th Street, Second Floor, N. Miami Beach, Florida 33162, (broller@roller.law, lescobar@roller.law, lrosen@roller.law, HOpleadings@roller.law, ldiaz@roller.law).

    */s/ David Batista*
    DAVID O. BATISTA

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-21-014011

JEAN AND TAMARA JOSEPH,

   Plaintiffs,

vs.

AMERICAN SECURITY
INSURANCE COMPANY,

   Defendant.

_____

## DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT

Defendant American Security Insurance Company ("ASIC" or "Defendant"), pursuant to Fla. R. Civ. P. 1.090(b) and by and through its undersigned counsel, hereby moves for an enlargement of time to respond to the Complaint filed by Plaintiffs, Jean Joseph and Tamara Joseph ("Plaintiffs"), and states as follows:

1.  ASIC was served with Plaintiffs' Complaint on or about July 23, 2021.

2.  Counsel for ASIC requires additional time to investigate and research the factual allegations contained in the Complaint and prepare an appropriate response.

3.  ASIC is not making this request for purposes of delay or harassment, and granting an extension of time will not result in prejudice to either party in this matter.

**WHEREFORE**, Defendant American Security Insurance Company respectfully requests that the Court enter an Order granting American Security Insurance Company an enlargement of time to respond to Plaintiffs' Complaint, and awarding such other and further relief the Court deems just and proper.

Respectfully submitted,

**SHUTTS & BOWEN LLP**
*Attorneys for Defendant, AMERICAN*
*SECURITY INSURANCE COMPANY*
200 East Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33301
Telephone:  (954) 524-5505
Facsimile:  (954) 524-5506

By:  */s/ Kelscey A. Boyle*
    **David O. Batista, Esq**.
    Florida Bar No. 175803
    Email: dbatista@shutts.com
    **Kelscey A. Boyle, Esq.**
    Florida Bar No. 1003411
    Email: kboyle@shutts.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12th day of August 2021, a true and correct copy of the foregoing has been furnished *via* Florida E-Portal to: Brian Roller, Esquire, The Roller Law Group, 801 NE 167th Street, Second Floor, N. Miami Beach, Florida 33162, (broller@roller.law, lescobar@roller.law, lrosen@roller.law, HOpleadings@roller.law, Idiaz@roller.law).

*/s/ Kelscey A. Boyle*
KELSCEY A. BOYLE

2